*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JERMAINE DUJUAN MAJOR-LANG,

      Defendant-Appellant.

UNPUBLISHED
July 23, 2019

No. 342706
Muskegon Circuit Court
LC No. 16-006162-FC
        17-000801-FC

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I concur in the result in this case but disagree with the majority's treatment of the prior-bad-acts issue. The trial court, prosecution and defense were all mistaken in concluding that a prior bad act may be introduced under MCL 768.27 without passing muster under MRE 404(b). The statute allows for prior bad acts to be introduced. However, MRE 404(b)(2) requires at least 14-days' notice in advance of trial for such evidence to be presented. Prior-bad-acts evidence may not be introduced under MCL 768.27 without also complying with MRE 404(b)(2)'s notice requirement.

In the absence of a conflict, statutes and court rules should be read in harmony. *Lapeer Co Clerk v Lapeer Circuit Court*, 469 Mich 146, 165; 665 NW2d 452 (2003). Here, MCL 768.27 and MRE 404(b) are not in conflict with one another. MRE 404(b) merely imposes an additional procedural requirement not found in the statute. The absence of a notice requirement in MCL 768.27 does not create an inherent conflict. And there is no case of record in which MRE 404(b)'s notice requirement was found not applicable because it is not in MCL 768.27. Indeed, if MRE 404(b) could be avoided by simply invoking MCL 768.27, that would effectively be the end of MRE 404(b). Because the court rule and the statute are in harmony, the prosecution must always comply with MRE 404(b)(2)'s notice requirement when seeking to introduce prior bad acts.

The evidence that defendant previously assaulted his girlfriend (the complainant), including a stabbing incident, would be admissible under the substantive requirements of MRE 404(b)(1). Defendant argued that when he fired the shot, he did not intend to harm the

-1-

complainant. The fact that he previously assaulted her is therefore directly relevant to the question of intent and so proper under the rule's exception for evidence of intent.

However, it is uncontested that the prosecution failed to provide pre-trial notice of its intent to use such evidence and so did not satisfy the 14-day notice requirement of MRE 404(b)(2). Further, there was no good cause for this failure. The prior-bad-acts evidence should therefore have been excluded. And, unlike the majority, I would conclude that its admission was plain error despite defense counsel's waiver of the issue.

I would nevertheless affirm because, after a review of the entire record, I conclude that the error was harmless. Admittedly, the type of prior-bad-acts evidence admitted here would typically require reversal given the high degree of prejudice involved. This case is unusual, however, in that the prosecution's case was extraordinarily strong. Further, in his own testimony, defendant admitted he was the only person with the child during the time in which she suffered the multiple injuries. While defendant argues on appeal that expert evidence might have rebutted the claim that the child's compression fractures were non-accidental, he could not offer any explanation for the multiple other injuries that arose while the child was with him alone. Moreover, his attempts to prevent the child from receiving medical care were also highly inculpatory. Finally, in his testimony he admitted shooting the child's mother, which gave rise to the primary charge of assault with intent to murder. Given these circumstances, I agree that defendant's convictions should be affirmed.

/s/ Douglas B. Shapiro